

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00211-CR
No. 07-25-00212-CR

**WESTYN GREGORY WHETSTONE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the County Court at Law
Moore County, Texas
Trial Court Nos. 32574 & 32544, Honorable Jerod Pingelton, Presiding

February 5, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Westyn Gregory Whetstone, appeals from the trial court's judgments finding him guilty of criminal mischief[1] and criminal trespass.[2]  For each conviction, he was sentenced to 180 days' incarceration and a $1,000 fine.[3]  Appellant's court-appointed

---

[1] *See* TEX. PENAL CODE § 28.03(a)(1), (b)(2).

[2] *See* TEX. PENAL CODE § 30.05(a).

[3] Appellant, on the record, agreed to have the two cases heard at the same time.

appellate counsel filed motions to withdraw supported by *Anders*[4] briefs. We grant counsel's motions, affirm the criminal mischief judgment, and reform the criminal trespass judgment and affirm it as reformed.

In support of her motion to withdraw, counsel has certified that she has conducted a conscientious examination of the record, and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State did not file a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim.

---

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

However, in our independent review, we note that the trial court's criminal trespass judgment contains a clerical error. The "Offense for Which Defendant Convicted" in the summary section of this judgment reads "Crim Trespass Habit/Shltr/Suprfund/Infstrt," the "Statute for Offense" section reflects Appellant was convicted under Texas Penal Code section 30.05(d)(3)(A), and the "Degree of Offense" section states "Class A Misdemeanor." While Appellant was initially charged with criminal trespass of a habitation, the record reflects that the State expressly abandoned the habitation allegation and proceeded with a Class B criminal trespass charge under Texas Penal Code section 30.05(d)(1). Appellant was advised on the record that he was being tried for the Class B offense of criminal trespass. The record also reflects that the jury was properly charged that Appellant was accused of a criminal trespass in the guilt-innocence charge and for a Class B offense in the punishment charge.

We have the authority to reform the judgment of the court below to make the record speak the truth when we have the information necessary to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

3

Accordingly, we reform the trial court's criminal trespass judgment to identify the "Offense for Which Defendant Convicted" as "Crim Trespass," the "Statute for Offense" as Texas Penal Code section 30.05(d)(1), and the "Degree of Offense" as "Class B Misdemeanor."

We grant counsel's motions to withdraw, affirm the criminal mischief judgment, and affirm the criminal trespass judgment as reformed.[5]

                                                    Judy C. Parker
                                                    Chief Justice


Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.